CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 09 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB D. PEYTON, | ) | CASE NO. 7:11CV00566 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| HAROLD CLARK, DIRECTOR, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent(s). | ) | |

Jacob D. Peyton, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2008 conviction and sentence in the Rockbridge County Circuit Court for breaking and entering and grand larceny. The court conditionally filed the petition, notified Peyton that it appeared to be untimely, and granted him an opportunity to provide any evidence or argument on that issue, which he has done. Upon review of the record, the court summarily dismisses the petition as untimely filed

I

The Rockbridge County Circuit Court, sitting without a jury, found Peyton guilty of breaking and entering and grand larceny on December 3, 2007, and sentenced him on March 8, 2008 to six years in prison. Peyton appealed his conviction to the Court of Appeals of Virginia and then to the Supreme Court of Virginia, which refused his petition on October 8, 2009. Peyton filed a state habeas petition on September 30, 2010 in the Rockbridge County Circuit Court, which was denied. Peyton's subsequent appeal to the Supreme Court of Virginia was refused on July 8, 2011. Peyton failed to date his signature on his § 2254 petition, which was postmarked on November 29, 2011, and received by the court on December 1, 2011.

II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final–when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A).[1] Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

The Supreme Court of Virginia dismissed Peyton's direct appeal on October 8, 2009. Peyton then had ninety days to file a petition for a writ of certiorari in the United States Supreme Court.[2] Peyton did not seek review of his conviction with the United States Supreme Court, and thus, on January 6, 2010, the conviction became final under § 2244(d)(1)(A) and his one-year

---

[1] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or
    the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in
    violation of the Constitution or laws of the United States is removed, if the applicant was
    prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the
    Supreme Court, if the right has been newly recognized by the Supreme Court and made
    retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have
    been discovered through the exercise of due diligence.
Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

[2] See Rules of the Supreme Court of the United States, Rule 13(1) (time to file petition for writ of certiorari expires 90 days after entry of final judgment by highest state court).

2

period to file a § 2254 petition began to run. Peyton allowed 267 days of that period to elapse before filing his state habeas petition on September 30, 2010, which tolled the federal period for filing the § 2254 petition. Once the Supreme Court of Virginia denied the habeas appeal on July 8, 2010, the federal filing period began to run again and expired on October 17, 2011. Peyton did not file his § 2254 petition until December 1, 2011,[3] and thus, his petition is untimely under § 2244(d)(1)(A). Peyton does not allege facts on which his filing period could be calculated under any other subsection of § 2244(d).

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present exceptional circumstances that prevented him from filing on time and must demonstrate that he has been duly diligent. Pace v. DiGuglielmo, 544 U.S. 408, 418, and n. 8 (2005). Generally, an inmate's pro se status and ignorance of the law are not sufficient grounds to justify equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Peyton argues that the federal clock should be equitably tolled because he has been incarcerated at Wallens Ridge State Prison, a facility that does not allow inmates physical access to a law library. He claims that because Wallens Ridge law library policies required him to request copies of specific code sections or court decisions, rather than permitting him to research the code books himself, he was hindered in his ability to research the statute of limitations in

---

[3] Generally, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2254 Cases; Houston v. Lack, 487 U.S. 266 (1988). Peyton did not date his signature on the § 2254 petition and mailed it to a relative, who then mailed it to the court. Therefore, Peyton's petition must be considered filed on the date that the court received it, December 1, 2011.

3

§ 2244(d). He states his belief that his one-year opportunity to file a § 2254 petition began running only after he had exhausted his state court remedies, by filing a state habeas petition and appeal.

Peyton's personal misunderstanding of the federal limitation period is not a sufficient ground for equitable tolling, as it is not a circumstance outside his control. Sosa, 364 F.3d at 512. Moreover, Peyton's submissions as a whole do not support a finding that the limitations on his access to legal materials at Wallens Ridge prevented him from researching this issue. His § 2254 petition and brief include citations to numerous code sections and court decisions on a myriad of other legal issues. He simply fails to prove that insufficient access to legal materials provides a ground for equitable tolling in his case. Accordingly, his petition will be dismissed as untimely filed. An appropriate order will enter this day.

For the reasons stated, the court will dismiss Peyton's petition as untimely. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 9th day of January, 2012.

*/s/ Glen Conrad*
Chief United States District Judge